Michael R. Sohigian (State Bar No. 155448)
William A. Sohigian (State Bar No. 301565)
LAW OFFICE OF MICHAEL R. SOHIGIAN
9420 Wilshire Boulevard, Second Floor
Beverly Hills, California 90212-3169
Telephone: (310) 914-2494
Telecopier: (310) 914-2484
msohigian@mrslaw.net

Attorneys for Defendant PHO FEVER BISTRO CORP.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHAN TUY AHN, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>PHO FEVER BISTRO CORPORATION, a California corporation; PATRICK TRAN, an individual; DAISY TRAN, an individual; and DOES 1-10 [*sic*], inclusive,<br><br>Defendants. | Case No. 2:21-cv-00327 DOC (KSx)<br><br>**NOTICE OF MOTION AND MOTION OF PHO FEVER BISTRO CORP. TO DISMISS COMPLAINT UNDER F.R.C.P. 12(b)(6), 12(d); MEMORANDUM OF POINTS & AUTHORITIES**<br><br>[Filed concurrently with Declaration of Patrick Tran; Declaration of Michael R. Sohigian; Appendix of Exhibits; [Proposed] Order]<br><br>Date: March 22, 2021<br>Time: 8:30 a.m.<br>Ctrm.: 9D |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE on March 22, 2021 at 8:30 a.m. in Courtroom 9D of the United States District Court, Central District of California, located at 411 West Fourth Street, Santa Ana, California 92701-4516, Defendant, Pho Fever Bistro Corp. ("Pho Fever"), will and hereby does move this Court for an order dismissing the Complaint of Phan Tuy Ahn, LLC, a California limited liability company, under Federal Rules of Civ. Proc. 12(b)(6) and 12(d) (the "Motion"). Grounds for the Motion are:

/

(1) Plaintiff agreed in the Release and Settlement Agreement referred to in para. 21 of its Complaint that "any and all disputes that concern or arise out of this Agreement shall be resolved exclusively within the jurisdiction of the State of California, within the County of Los Angeles," so this action should be dismissed under the doctrine of *forum non conveniens*;

(2) The cause of action for Federal Trademark Infringement under 15 U.S.C. §1125(a), which is the sole basis alleged to support this Court's jurisdiction, fails to state a claim on which relief can be granted, because the conduct of a restaurant serving the Vietnamese soup called "pho" is intrastate – not interstate – commerce that is neither alleged to nor does substantially affect interstate commerce; and,

(3) Even if the conduct of a restaurant serving pho were intrastate commerce that were alleged to or did substantially affect interstate commerce, Pho Fever's actual practice of using the name Pho Fever for its restaurant is not likely to create any confusion in the minds of consumers about the origin of the goods.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 1, 2021.

The Motion is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declarations of Michael R. Sohigian and Patrick Tran, Appendix of Exhibits in Support of Motion of Pho Fever Bistro Corp. to Dismiss Complaint under F.R.C.P. 12(b)(6), 12(d) ("Appendix"), [Proposed] Order, all pleadings and papers on file with the Court in this matter, and such other and further argument and evidence as may be presented at the hearing on the Application.

Dated: February 10, 2021                          LAW OFFICE OF MICHAEL R. SOHIGIAN

                                                  By _____
                                                  Michael R. Sohigian
                                                  William A. Sohigian
                                                  Attorneys for Defendant, PHO FEVER
                                                  BISTRO CORP.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This is an effort by a crooked bully, after failing to steal a piece of real property from and otherwise abuse Vietnamese immigrant businesspeople, Patrick Tran and his wife Daisy, to frighten Patrick and Daisy by hauling them into federal court. But the Release and Settlement Agreement Plaintiff cites as a basis for its claims contained a choice of law and venue clause mandating any dispute concerning or arising out of the Agreement be filed in Los Angeles Superior Court. In addition, the sole alleged basis for federal jurisdiction is the claim for trademark infringement under the Lanham Act, but the conduct of a restaurant serving the popular Vietnamese soup called "pho" in West Los Angeles is plainly intrastate commerce and Plaintiff does not even allege any way that conduct substantially affects interstate commerce. Even if that conduct did substantially affect interstate commerce, the likelihood of confusion between a restaurant named "Pho Ever" and another named "Pho Fever Bistro," both of which serve the soup, is nonexistent.

Plaintiff and Movant are both California registered entities, and Patrick and Daisy are California residents, so there is no diversity. Lacking any basis to exercise jurisdiction over any of Plaintiff's three claims for relief, this Court should dismiss the Complaint.

**II.     RELEVANT FACTS**

Plaintiff is a limited liability company controlled by Loi C. Su. In about April 2017, Mr. Su, through Plaintiff, owned and operated a Vietnamese restaurant in Gardena, California, under the fictitious business name of Pho Ever. Mr. Tran was interested in opening his own Vietnamese restaurant, and he talked with Mr. Su about licensing the Pho Ever name and buying product for Mr. Tran's restaurant from Plaintiff. Over the summer, Mr. Tran scouted locations and found premises at 2404 South Barrington Avenue in West Los Angeles.

About August 2, 2017, Messrs. Tran and Su orally agreed Mr. Su would allow Mr. Tran to use the name Pho Ever at the West Los Angeles restaurant in exchange for Mr. Tran's payment of $100,00 to Mr. Su's daughter, Rebecca, and Mr. Su would sell product to Mr. Tran

at cost for the West Los Angeles restaurant's first three months of operation, and then at a mark-up not to exceed 20%.

Relying on his oral agreement with Mr. Su, Mr. Tran paid Mr. Su's daughter as agreed. In October 2017, Mr. Tran made a lease of premises at 2404 South Barrington. Between November 2017 and July 2018, Mr. Tran got needed permits and approvals from public authorities, and built out the premises. From November 2017 through February 2018, Mr. Tran and his wife worked hundreds of unpaid hours at Mr. Su's restaurant in Gardena, ostensibly for training purposes. In July 2018, Mr. Tran opened his restaurant in West Los Angeles under the name Pho Ever and started buying product as he and Mr. Su had agreed.

In October 2018, Mr. Su offered to buy from Mr. Tran a residential property on Mulvane Street in La Puente, California, at a sale price of $400,000, less a $20,000 down payment and any amounts due for product supplied to Mr. Tran's restaurant. Mr. Su told Mr. Tran he wanted to have his name added to title with Mr. Tran. Mr. Su prepared a grant deed for Mr. Tran to sign but instead of listing both men as co-owners, the deed Mr. Su prepared fraudulently described the transaction as a gift rather than a sale, of full title from Mr. Tran to Mr. Su. Mr. Tran did not understand the legal effect of the deed, and he trusted Mr. Su, so on October 21, 2018, Mr. Tran signed the grant deed, which Mr. Su then recorded.

Throughout 2018, Mr. Tran bought product from Mr. Su's Gardena restaurant, but Mr. Su did not invoice Mr. Tran, despite Mr. Tran's repeated requests. About January 18, 2019, Mr. Tran got his first invoice, which was about $40,000 more than the parties had agreed to.

Mr. Tran realized when Mr. Su breached their agreement that Mr. Su was gouging Mr. Tran and had defrauded him. Mr. Tran sued Mr. Su and Plaintiff, filing his Verified Complaint in Los Angeles Superior Court Case No. 19PSCV00469 on May 23, 2019. Appendix, Ex. 1. The case settled quickly, as the parties made a Release and Settlement Agreement (the "Settlement") which bore a printed date of May 30, 2019, but an interlineated effective date of July 29, 2019. Appendix, Ex. 2.

The Settlement included various terms, including a paragraph numbered 5 and titled "Specific Items Released." In para. 5a, Mr. Tran agreed he "shall stop doing business under the

name 'Pho Ever Bistro', and shall surrender to the Su Parties any and all rights to further use of the name 'Pho Ever', or any variation thereof, and shall return to the Su Parties all items bearing such name, including but not limited to utensils, supplies and uniforms." Appendix, Ex. 2, para. 5a.

The Settlement also included a paragraph 21, headed "Governing Law and Venue:" "This agreement shall be governed by and construed in accordance with the domestic substantive laws of the State of California without giving effect to any choice or conflict of laws provisions that would cause the application of the domestic substantive laws of any other jurisdiction. The parties agree that any and all disputes that concern or arise out of this Agreement shall be resolved exclusively within the jurisdiction of the State of California, within the County of Los Angeles." Appendix, Ex. 2, para. 21.

Complying with para. 5a, Mr. Tran returned "Pho Ever" items to Plaintiff. Mr. Tran formed Pho Fever Bistro Corp., filing articles of incorporation with the California Secretary of State about August 2, 2019. Mr. Tran paid for new signs, menus, and décor for the restaurant he named "Pho Fever Bistro," intending with the new name to suggest great excitement and appetite for the restaurant's fare. In addition to the new name, the menus used different colors and typefaces that could not be confused with the Pho Ever menus. Appendix, Ex. 3. Mr. Tran also had a website built at the address www.phofeverwestla.com, with a completely different look from Plaintiff's website at www.pho-ever.com.

About March 31, 2020, Plaintiff registered its trademark in Pho Ever (Complaint, Ex. A (Doc. 1-1)), laying the groundwork for this effort to make a federal case of Mr. Su's revenge.

III. **ARGUMENT**

Plaintiff made a binding choice of the Los Angeles Superior Court as the venue for resolution of the disputes alleged in the Complaint, so the Court should dismiss this action on *forum non conveniens* grounds. Not only did plaintiff voluntarily divest this Court of

5

jurisdiction, but there is also no basis for federal jurisdiction under the Lanham Act, since Pho Fever's alleged conduct is intrastate commerce without any allegedly substantial effect on interstate commerce, and the undisputed facts demonstrate no likelihood of confusion.

### A. Because Plaintiff Voluntarily Submitted to Exclusive State Court Jurisdiction, This Action Should be Dismissed for *Forum non Conveniens*.

In the second paragraph of its Complaint, Plaintiff alleges the parties were engaged in prior litigation and "[t]he Parties ultimately entered into a Release and Settlement Agreement wherein Defendants agreed 'to stop doing business under the name "Pho Ever Bistro" and to 'surrender [to Plaintiff and its owners] any and all rights to further use of the name "Pho Ever," or any variation thereof.'" Complaint (Doc. 1), 2:20-23; see also, 6:10-21. Plaintiff further alleges Pho Fever Bistro's alleged conduct "breaches Section 5(a) of the Agreement, which provides, in relevant part, that Defendants are to 'surrender to [Plaintiff and its owners] any and all rights to further use the name "Pho Ever" or **any variation thereof**.' (emphasis added)" Complaint (Doc. 1), 7:11-14.

Plaintiff explicitly acknowledges its claims concern and arise out of the Agreement. The Complaint's Third Claim for Relief for Breach of Contract seeks to recover damages for alleged breach of Section 5a. Complaint (Doc. 1), 11:19-12:15. Plaintiff does not attach a copy of the Agreement to the Complaint, however.

Perhaps that omission is because Plaintiff does not want the Court to see para. 21. Plaintiff consented in para. 21 of the Release and Settlement Agreement to exclusive jurisdiction of the Los Angeles Superior Court over "any and all disputes" concerning or arising out of the Agreement, and Plaintiff has also explicitly alleged its claims concern and arise out of movant's alleged further use of any variation of the name "Pho Ever." The Court should dismiss this action under Fed. R. Civ. Proc. 12(b)(3).

Plaintiff may argue the Agreement does not encompass a claim for trademark infringement like the First Claim for Relief. The plain language of the Agreement refutes that argument, however. "[A]ny and all" does not allow for exceptions. If the parties had intended to carve out certain claims, they could and would have done so.

"A forum-selection clause 'should control except in unusual cases.'" *Yei A. Sun v. Advanced China Health Care, Inc.* (9th Cir. 2018) 901 F.3d 1081, 1088, quoting *Atlantic Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.* 571 U.S. 49, 60, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013). It "represents the parties' agreement as to the most proper forum," and having been "bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.*, quoting *Atlantic Marine*, *supra*, at p. 63. A motion to enforce a forum selection clause should be denied "[o]nly under extraordinary circumstances unrelated to the convenience of the parties." *Id.*, quoting *Atlantic Marine*, *supra*, at p. 62. No such circumstances exist here.

To avoid application of a forum selection clause, a plaintiff must make "a strong showing that: (1) the clause is invalid due to 'fraud or overreaching,' (2) 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision,' or (3) 'trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court.'" *Yei A. Sun*, 901 F.3d at 1088, quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

Plaintiff will have to make a strong showing of fraud or overreaching to invalidate the forum selection clause to which the parties agreed in para. 21. "The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" *Murphy v. Schneider National, Inc.* (9th Cir 2004) 362 F.3d 1133, 1140. No fraud or overreaching affected para. 21.

Enforcement of the forum selection clause to which Plaintiff agreed would not contravene any strong public policy. While the federal courts have original jurisdiction of trademark claims, their jurisdiction is not exclusive. 28 U.S.C. 1338(a). Plaintiff's First Claim for Relief could be tried in Los Angeles Superior Court, just as Plaintiff agreed it should be.

1   Plaintiff cannot show any grave difficulty or inconvenience from enforcing the
2   parties' agreement to bring their disputes before the Los Angeles Superior Court. Far
3   from depriving Plaintiff of its day in court, trial of Plaintiff's claims in the Los Angeles
4   Superior Court would not be difficult or inconvenient at all. Indeed, Supreme Court
5   authority precludes consideration of a party's private convenience in applying its choice
6   of law or forum. *Atlantic Marine*, *supra*, at p. 64.

7   Though Fed. R. Civ. Proc. 12(b)(3) permits a defendant to move to dismiss on grounds
8   of improper venue, a motion based on a forum selection clause is assessed under *forum non*
9   *conveniens* doctrine. *Nibirutech Ltd. v. Jang* (N.D. Cal. 2014) 75 F.Supp.3d 1076, 107, citing
10  *Atlantic Marine*, *supra*, at p. 60.

11  In applying the doctrine to a forum selection clause, the forum in which plaintiff chose
12  to file merits no weight. *Atlantic Marine*, *supra*, at p. 63. The Court cannot consider the parties'
13  private interests, but must weigh "arguments about public-interest factors only . . . Because
14  those factors will rarely defeat a transfer motion, the practical result is that forum-selection
15  clauses should control except in unusual cases." *Atlantic Marine*, *supra*, at p. 64.

16  The Court should enforce the parties' choice of Los Angeles Superior Court and dismiss
17  this federal action.

18  **B.     The Lanham Act Claim Lacks Merit Because the Alleged Conduct Does Not**
19  **Substantially Affect Interstate Commerce.**

20  Lanham Act protection extends only to trademarks used in commerce. 15 U.S.C. 1127;
21  *Golden Door, Inc. v. Odisho* (N.D. Cal 1977) 437 F.Supp. 956, 961-962 (abrogated on other
22  grounds by *Japan Telecom, Inc. v. Japan Telecom America, Inc.* (9th Cir. 2002) 287 F.3d 866.
23  Plaintiff must show either: (1) That movant used its mark in interstate commerce; or (2) That
24  movant's intrastate use tended to have a substantial effect on Plaintiff's interstate business. *See*,
25  *Maier Brewing Co. v. Fleischman Distilling Corp.* (9th Cir. 1968) 390 F.2d 117, 120 (intrastate
26  sale of Black & White beer substantially affected interstate sales and reputation of Black &
27  White scotch).

28

    Neither Plaintiff nor movant is engaged in interstate commerce. Each offers food and beverages to patrons in Southern California. Plaintiff cannot allege movant used its mark in interstate commerce. And Plaintiff has no interstate business to affect.

    Thus, unlike the plaintiff in *Golden Door*, which had advertised nationwide to draw clientele from around the country, Plaintiff neither has, nor alleges it has, made use of the alleged marks "in commerce" to qualify for Lanham Act protection. *Golden Door*, *supra*, 437 F.Supp. at 961-962. Nor does Plaintiff allege Pho Fever Bistro Corp. has made any interstate use of the allegedly infringing mark. Absent a substantial effect on interstate commerce, Plaintiff's claim must fail. *Id.*

### C. The Undisputed Facts Demonstrate There Is No Likelihood of Confusion Regarding the Origins of the Fare Served at Pho Fever Bistro.

    "To prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. §1114, a party must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Network Automation, Inc. v. Advanced Systems Concepts, Inc.* (9th Cir. 2011) 638 F.3d 1137, 1144 (internal quotations omitted). The concurrently filed Declaration of Patrick Tran lays out undisputed facts that show Plaintiff cannot establish the second element of its First Claim for Relief.

    Pho Ever and Pho Fever Bistro are not confusingly similar. Plaintiff's Lanham Act claim boils down to a single letter. But that letter completely changes the meaning of the trademarked phrase.

    Every restaurant that serves the delicious Vietnamese soup called "pho" uses that word in its name. "Pho Ever" is a pun on the word "forever," while "Pho Fever Bistro" uses an entirely different word, "fever," literally an abnormally high body temperature but colloquially also connoting a condition of great excitement, interest, or devotion (e.g., the hit song most popularly associated with Peggy Lee, or the Major League Baseball slogan "Baseball Fever: Catch It!"). Another connotation, also distinct from and not confusingly similar to "Pho Ever," arises from the folk wisdom "starve a cold, feed a fever."

The exhibits attached to the concurrently filed Appendix show clear differences between the menus of "Pho Ever" and "Pho Fever Bistro." These differences in trade dress further refute likelihood of confusion. The trade dress is not confusingly similar in any regard. The "Pho Ever" menu is bright red with yellow print, and a logo in distinctive font – all of which differ from the menu of "Pho Fever Bistro," which is a much darker shade of red with an abstract, dark background pattern and orange print, and a different font. The websites of the two restaurants are likewise entirely distinct and present no likelihood of confusion.

This evidence establishes as a matter of undisputed fact that no consumer is likely to be confused that the fare served at "Pho Fever Bistro" originated at "Pho Ever."

## IV.  CONCLUSION

This Court's power to hear and decide any of Plaintiff's claims rests solely on the First Claim for Relief alleging Federal Trademark Infringement under 15 U.S.C. §1125(a). Plaintiff agreed to bring any and all disputes, including this one, exclusively before the Los Angeles Superior Court. The First Claim for Relief allegedly involves strictly intrastate conduct that does not substantially affect interstate commerce. And, even if the alleged conduct did have such a substantial effect, the undisputed facts plainly establish no likelihood of confusion. The Court should dismiss this action.

Dated: February 10, 2021                LAW OFFICE OF MICHAEL R. SOHIGIAN


By _____
   Michael R. Sohigian
   William A. Sohigian
   Attorneys for Defendant, PHO FEVER
   BISTRO CORP.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 9420 Wilshire Boulevard, Second Floor, Beverly Hills, California 90212-3169.

On February 10, 2021, I served the foregoing document(s) described as NOTICE OF MOTION AND MOTION OF PHO FEVER BISTRO CORP. TO DISMISS COMPLAINT UNDER F.R.C.P. 12(b)(6), 12(d); MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF PATRICK TRAN; DECLARATION OF MICHAEL R. SOHIGIAN; APPENDIX OF EXHIBITS IN SUPPORT OF MOTION OF PHO FEVER BISTRO CORP. TO DISMISS COMPLAINT UNDER F.R.C.P. 12(b)(6), 12(d); [PROPOSED] ORDER

by serving a true copy of this document via electronic mail to the address below

Omid E. Khalifeh, Esq.
Omni Legal Group
2029 Century Park East, Suite 400
Los Angeles, California 90067
omid@omnilegalgroup.com

[ ] (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
[X] (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 10, 2021, at Beverly Hills, California.

_____
Michael R. Sohigian