1  Omid E. Khalifeh, SBN 267340
2  Ariana Santoro, SBN 300767
   Lara A. Petersen, SBN 318475
3  **OMNI LEGAL GROUP**
   2029 Century Park E, Suite 400
4  Los Angeles, California 90067
5  Phone:        310.276.6664
   Facsimile:   310.305.1550
6  omid@omnilegalgroup.com
7  ariana@omnilegalgroup.com
   lara@omnilegalgroup.com
8
   Attorneys for Plaintiff,
9  PHAN TUY ANH LLC
10
11              **UNITED STATES DISTRICT COURT**
          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
12

13 ─────────────────────────────────
   PHAN TUY ANH, LLC, a California    )   Case No.: 2:21-cv-00327-DOC-KS
14 limited liability company,          )
                                       )   **PLAINTIFF'S OPPOSITION TO**
15                                      )   **PHO FEVER BISTRO'S MOTION**
              Plaintiff,               )   **TO DISMISS**
16                                      )
                                       )
17         vs.                          )
                                       )
18                                      )
   PHO FEVER BISTRO, a California      )   Hearing Date: March 22, 2021
19 corporation; PATRICK TRAN, an       )   Hearing Time: 8:30 a.m.
   individual; DAISY TRAN, an          )
20 individual; and DOES 1-10, inclusive, )
                                       )
21                                      )   *Hon. David O. Carter*
                                       )
22            Defendants.              )
                                       )
23 ─────────────────────────────────
24
25
26
27

i

# **TABLE OF CONTENTS**

I.      INTRODUCTION……………………………………………...……1

II.     FACTUAL ALLEGATIONS…………………………………..…….3

      A.     Plaintiff's Intellectual Property………………………………….3

      B.     Previous Dispute Between Plaintiff and Tran Defendants…………4

      C.     Present Dispute……………………………………………..……5

III.    LEGAL STANDARD………………………………………….……5

      A.     Motion to Dismiss…………………………………………………5

      B.     Federal Trademark Infringement……………………………..………6

IV.     PLAINTIFF'S COMPLAINT PROPERLY STATES CLAIMS FOR RELIEF AGAINST PHO FEVER BISTRO……………………………………………7

      A.     Because Movant Was Not a Party to the 2019 Settlement Agreement, The Forum-Selection Clause Is Inapplicable to the Present Dispute……………………………………………..…………………………7

      B.     Plaintiff's Lanham Act Claims are Proper Because the Senior Mark is Federally Registered and Trademark Infringement is a Federal Cause of Action….10

      C.     Plaintiff Has Plausibly Plead a Likelihood of Confusion of the Infringing Marks With the Senior Mark………………………………………...11

V.      CONCLUSION………………………………………………………13

# TABLE OF AUTHORITIES

**Federal Cases**

*AMF Inc. v. Sleekcraft Boats,*
 599 F.2d 341 (9th Cir. 1979)……………………………………….3, 7, 13

*Ashcroft v. Iqbal,*
 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868……………………2, 6, 12

*Bell Atlantic Corp. v. Twombly,*
 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929………………....2, 6, 12

*Brookfield Communications v. West Coast Entertainment,*
 174 F.3d 1036 (9th Cir. 1999)………...………………………………7, 13

*Cape Flattery Ltd. v. Titan Mar., LLC,*
 647 F.3d 914 (9th Cir. 2011)………………………………………….9

*Christian Faith Fellowship Church v. Adidas AG,*
 841 F.3d 986, 120 USPQ 2d 1640 (Fed. Cir. 2016)…..………………….11

*Clicks Billiards, Inc. v. Sixshooters, Inc.,*
 251 F.3d 1252 (9th Cir. 2001)……………………………………….12

*Conley v. Gibson,*
 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)…………………………2, 6

*Gilligan v. Jamco Dev. Corp.,*
 108 F.3d 246 (9th Cir. 1997)………………………………………….6

*In re Silenus Wines, Inc.,*
 557 F.2d 806, 194 USPQ 261 (CCPA 1977)…...…………………………10

*Larry Harmon Pictures Corp. v. William Rest. Corp.,*
 929 F.2d 662, 18 USPQ 2d 1292 (Fed. Cir. 1991)…………….…..………….11

*Levi Strauss & Co. v. Blue Bell, Inc.,*
 778 F.2d 1352 (9th Cir. 1985)………………………………………….12

*Mercado Latino, Inc. v. Indio Prods.,*
 2017 U.S. Dist. LEXIS 55304, *10, 122 USPQ2d 1590, 2017 WL 1356315

(C.D. Cal. April 11, 2017)……………………………………………12

*Metro Pub., Ltd. v. San Jose Mercury News,*

    987 F.2d 637 (9th Cir. 1993)…..…………………………………7, 13

*Network Automation, Inc. v. Advanced Systems Concepts, Inc.*,

    638 F.3d 1137 (9th Cir. 2011)…………………………………………7

*Padilla v. Yoo*,

    678 F.3d 748 (9th Cir. 2012)……………………………………2, 6

*Pareto v. F.D.I.C.*,

    139 F.3d 696 (9th Cir. 1998)…..………..…….……..…….……..2, 6, 12

*Parks Sch. of Bus., Inc. v. Symington*,

    51 F.3d 1480 (9th Cir. 1995)……..……..………..…….……..2, 6

*Sleeper Lounge Co. v. Bell Manufacturing Co.*,

    253 F.2d 720 (9th Cir. 1958)…..……..……..……..…….…..7

*Sprewell v. Golden State Warriors*,

    266 F.3d 979 (9th Cir. 2001)……..……..……..……..…….…..2, 6

*Steele v. Bulova Watch Co.*,

    344 U.S. 280, 95 USPQ 391, 97 L. Ed. 319, 73 S. Ct. 252 (1952)…..……..10

*Stop Staring! Designs v. Tatyana, LLC*,

    2009 U.S. Dist. LEXIS 134334, 2009 WL 10655208

    (C.D. Cal. June 9, 2009)……………………..……..……..…….…..12

*Sun v. Advanced China Healthcare, Inc.*,

    901 F.3d 1081 (9th Cir. 2018)………..……..……..……..……..9, 10

*Taylor v. United States*,

    136 S. Ct. 2074, 195 L. 3d. 2d 456 (2016)……………..……..……..11

**Federal Statutes, Rules, Regulations**

15 U.S.C. § 1051……..………..……..……..……..…….……..10

15 U.S.C. § 1114……..………..……..……..……..…….……..6

15 U.S.C. § 1125……..………..……..……..……..…….……..1, 3, 5, 6, 8

15 U.S.C. § 1127……..……..……..……..……..……..……..……..……11

Fed. R. Civ. P. 12(b)(6)…..……..……..……..……..……..……..……2, 6, 14

Trademark Manual of Examining Procedure  § 901.03………..……..……..……11

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Phan Tuy Anh, LLC ("Plaintiff"), which operates a family-owned and highly regarded Vietnamese restaurant under the name "Pho Ever" (the "Senior Mark"), for which Plaintiff also owns federal trademark registration, respectfully files this Memorandum of Points and Authorities in Opposition to the Motion to Dismiss filed by defendant Pho Fever Bistro ("Defendant," "Pho Fever," and collectively with defendants Patrick Tran and Daisy Tran, "Defendants"), which began doing business under a confusingly similar name years after Plaintiff first used the Senior Mark

## I.     INTRODUCTION

Despite having executed a release and settlement agreement (the "2019 Settlement Agreement") pursuant to which Tran Defendants were to cease "doing business under the name 'Pho Ever Bistro'" and "surrender…any and all rights to further use of the name 'Pho Ever,' or any variation thereof," Defendants remained staunch in their efforts to trade off the goodwill established by Plaintiff under the Senior Mark. This previous dispute did not center around trademark infringement but rather, business dealings gone awry. Moreover, Pho Fever was not in existence at the time of the 2019 Settlement Agreement and as such, is not a party to the same. Nonetheless, all Defendants have infringed and continue to infringe Plaintiff's Senior Mark by operating a Vietnamese restaurant under the confusingly similar names "Pho Fever Bistro" and "Pho Fever" (collectively, the "Infringing Marks").

To address this non-innocent infringement, Plaintiff initiated the present litigation against Defendants. Plaintiff's complaint (Dkt. 1) clearly sets forth three coherent and plausible claims for relief: (1) federal trademark infringement under 15 U.S.C. § 1125(a) against all Defendants; (2) federal unfair competition under 15 U.S.C. § 1125(a) against all Defendants; and (3) breach of contract against Tran Defendants. Plaintiff's claims are generally based on two types of separate, but related unlawful conduct by Defendants: Defendants' trademark use of the

1

1  confusingly similar Infringing Marks and Tran Defendants' breach of the 2019
2  Settlement Agreement. While these types of wrongful conduct by Defendants are
3  undoubtedly related for jurisdictional purposes, Plaintiff's breach of contract and
4  Lanham Act claims remain separate.

5        Motions to dismiss under Fed. R. Civ. P. 12(b)(6) should only be granted
6  where "it appears beyond doubt that the plaintiff can prove no set of facts in support
7  of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-
8  46 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). To survive such a motion, Plaintiff's
9  complaint must provide sufficient factual matter so as to "state a claim to relief that
10 is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949,
11 173 L. Ed. 2d 868, 884 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556,
12 127 S. Ct. 1955, 167 L. Ed. 2d 929). Such motions are viewed in the light most
13 favorable to the non-moving party and all well-pleaded facts in the complaint are
14 accepted as true. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *Padilla v.*
15 *Yoo*, 678 F.3d 748, 757 (9th Cir. 2012); *Sprewell v. Golden State Warriors*, 266 F.3d
16 979, 988 (9th Cir. 2001); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484
17 (9th Cir. 1995).

18       In its motion, Pho Fever contends the Los Angeles Superior Court is the
19 proper forum for this dispute because Plaintiff's Lanham Act claims fall within the
20 scope of the forum-selection clause of the 2019 Settlement Agreement governing
21 "any and all disputes that concern or arise out of this Agreement." The 2019
22 Settlement Agreement is inapplicable to Plaintiff's Lanham Act claims because
23 neither Plaintiff's intellectual property rights nor Defendants' ensuing infringement
24 was contemplated by the 2019 Settlement Agreement. Additionally, Pho Fever was
25 not a party to the 2019 Settlement Agreement and cannot assert any rights or
26 obligations thereunder. Even if the Court agrees that Plaintiff's federal trademark
27 infringement and unfair competition claims fall within this provision, this Court is
   located "within the jurisdiction of the State of California, within the County of Los

2

Angeles" and thereby serves as a proper forum and venue for this matter to be heard.

As a further basis for its motion, Pho Fever asserts that neither the Senior Mark nor the Infringing Marks affect interstate commerce and therefore, Plaintiff's Lanham Act claims fail to provide a jurisdictional basis for this action. However, there can be little doubt that Plaintiff's federal trademark infringement and federal unfair competition claims under 15 U.S.C. § 1125(a) provide a valid basis for this Court's exercise of jurisdiction. Not only is "use in commerce" a requirement for federal trademark registration, Plaintiff can certainly demonstrate an aggregate affect on intrastate commerce via multiple out-of-state patrons of its restaurant.

Finally, Pho Fever argues the "undisputed facts" fail to show a likelihood of confusion. While Pho Fever apparently agrees that the respective marks differ only by a single letter and are used in connection with the same goods and services in the same geographic region, Pho Fever nonetheless produced a declaration of Patrick Tran as well as, some images of what purports to be the respective menus of the parties to support the position that Plaintiff has failed to adequately plead a likelihood of confusion. However, an analysis of the factors set forth in *AMF Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348-49 (9th Cir. 1979) suggest Plaintiff has plausibly plead the existence of a likelihood of confusion based on Defendants' use of the Infringing Marks. Thus, Pho Fever is not entitled to any relief under its motion to dismiss.

Because Plaintiff's complaint (Dkt. 1) plausibly plead claims for federal trademark infringement, federal unfair competition, and breach of contract and such claims are properly decided by this Court, Pho Fever's motion to dismiss should be denied in full.

## II.   FACTUAL ALLEGATIONS

### A.   Plaintiff's Intellectual Property

Since at least as early as 2009, Plaintiff has operated a Vietnamese restaurant under the Senior Mark, PHO EVER, providing wholesome meals from family

3

developed recipes. *See* Dkt. 1, ¶¶ 1, 18. Plaintiff has extensively promoted and used the Senior Mark, thereby accruing significant goodwill therein. *See id.* at ¶¶ 1, 22. As a result, consumers have come to associate the Senior Mark exclusively with Plaintiff when referring to Vietnamese restaurants. *Id.* at ¶ 22. By way of example, Plaintiff's Yelp® page has received over 1000 positive reviews. *See id.* at ¶ 21, Ex. B. Due to its popularity, Plaintiff has since expanded to a second location in the Little Tokyo District of downtown Los Angeles, California. *See id.* at ¶ 18.

Since the inception of its restaurant, Plaintiff has and continues to possess intellectual property rights, including common law trademark rights, to the Senior Mark as applied to restaurant services. *See id.* at ¶ 19. Moreover, Plaintiff owns federal trademark registration, U.S. Trademark Registration No. 6023289, for the Senior Mark (the "Registration"), which lists March 23, 2009 as the date on which Plaintiff first used the Senior Mark in commerce. *Id.* Plaintiff has continuously and pervasively used the Senior Mark in connection with its Vietnamese restaurants.

**B.    Previous Dispute Between Plaintiff and Tran Defendants**

To further illustrate the goodwill associated with Plaintiff's Senior Mark, in or around 2017, Patrick Tran reached out to the owner of Plaintiff, Loi Su, seeking to license the Senior Mark for his own Vietnamese restaurant. *See* Dkt. 1, ¶ 23; *see also* Dkt. 17, 3 ‖ 21-23. It is undisputed that Patrick Tran desired to open his own Vietnamese restaurant under Plaintiff's Senior Mark. *See id.* It also remains undisputed that Patrick Tran filed a lawsuit against Plaintiff, Loi Su, and Rebecca Su based on a disagreement between the parties as to their business dealings. *See* Dkt. 1, ¶ 23; *see also* Dkt. 17, 3 ‖ 21-28, 4 ‖ 1-23.

To fully resolve that lawsuit, in or around July 2019, Plaintiff, Tran Defendants, Loi Cu and Rebecca Su entered into the 2019 Settlement Agreement. Dkt. 1, ¶ 23. As part of the 2019 Settlement Agreement, Tran Defendants agreed to cease any association between them and the Senior Mark. *Id.*; *see also* Dkt. 17, 4 ‖ 28, 5 ‖ 1-3. Specifically, provision 5(a) of the 2019 Settlement Agreement provides,

in relevant part,

> …[Tran Defendants] shall stop doing business under the name "Pho Ever Bistro" and shall surrender to [Plaintiff and its owners] any and all rights to further use of the name "Pho Ever," or any variation thereof…

*See* Dkt. 1, ¶ 23.

## C.    Present Dispute

Despite what Plaintiff believed to be the end of the parties' business relationship, Tran Defendants sought to continue to trade off the goodwill established by Plaintiff under the Senior Mark. Dkt. 1, ¶¶ 3, 24. In or around August 2019, Defendant Pho Fever came into existence when Patrick Tran registered "PHO FEVER BISTRO" as a corporation with the California Secretary of State. *Id.*, ¶ 24. To this end, Tran Defendants adopted the confusingly similar Infringing Marks, PHO FEVER BISTRO and PHO FEVER, in connection with a Vietnamese restaurant. *Id.*, ¶ 3; Dkt. 17, 5 || 13-16. Along these lines, Defendants also utilized domains that incorporate the Infringing Marks, including www.phoeversawtell.com and www.phofeverwestla.com. Dkt. 1, ¶ 24; Dkt. 17, 5 || 19-20. To render Defendants' ill intent more apparent, Defendants have also continually used Plaintiff's images, which feature the Senior Mark and corresponding logo, in connection with Defendants' Uber Eats® listings. *Id.*, ¶ 26, Ex. C.

Because Defendants' use of the Infringing Marks so blatantly usurps the hard-earned goodwill established by Plaintiff in the Senior Mark, Plaintiff filed the present litigation alleging (1) federal trademark infringement under 15 U.S.C. § 1125(a) against all Defendants; (2) federal unfair competition under 15 U.S.C. § 1125(a) against all Defendants; and (3) breach of contract against Tran Defendants. Plaintiff has adequately plead each of these claims for relief. As such, Pho Fever's motion to dismiss should be denied.

## III.   LEGAL STANDARD

### A.    Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929). While not akin to a probability requirement, plausibility requires more than a sheer possibility that a defendant acted unlawfully. *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929.

Motions to dismiss are disfavored as there exists "a powerful presumption against rejecting pleadings for failure to state a claim." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). "[A] complaint should not be dismissed for failure to state a claim unless it appears **beyond doubt** that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v.Gibson*, 355 U.S. 41, 45-46 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (emphasis added). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012). Further, the complaint must be read in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

## B. Federal Trademark Infringement

Section 43(a) of the Lanham Act prohibits the use of a mark that so resembles a registered mark that it is likely a potential consumer would be confused, mistaken, or deceived as to the source of the goods and/or services of the alleged infringer and the trademark owner. 15 U.S.C. § 1125(a). As Pho Fever aptly cited, "[t]o prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a

party must prove: (1) that it has a protectable interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Network Automation, Inc. v. Advanced Systems Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011).

A determination of likelihood of confusion is made based on the factors set forth in *AMF Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348-49 (9th Cir. 1979). These factors include: (1) strength of the mark; (2) proximity of the goods or services; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) types of goods or services and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *Id.* at 349; *see also Sleeper Lounge Co. v. Bell Manufacturing Co.*, 253 F.2d 720, 722 (9th Cir. 1958). Not all the *Sleekcraft* factors, however, are necessarily relevant or of equal weight, and any one of the factors may control in a given case, depending upon the evidence of record. *Metro Pub., Ltd. v. San Jose Mercury News,* 987 F.2d 637, 640 (9th Cir. 1993); *Brookfield Communications v. West Coast Entertainment,* 174 F.3d 1036, 1054 (9th Cir. 1999).

**IV.   PLAINTIFF'S COMPLAINT PROPERLY STATES CLAIMS FOR RELIEF AGAINST PHO FEVER BISTRO**

**A.   Because Movant Was Not a Party to the 2019 Settlement Agreement, The Forum-Selection Clause Is Inapplicable to the Present Dispute**

Defendant argues "Plaintiff made a binding choice of the Los Angeles Superior Court as the venue for the resolution of the disputes alleged in the Complaint" as grounds for the dismissal of this action. Dkt. 17, 5 ‖ 26-28. In supporting its argument, Pho Fever cites provision 21 of the 2019 Settlement Agreement, which provides, in relevant part,

> The parties agree that any and all disputes that concern or arise out of this Agreement shall be resolved exclusively within the jurisdiction of the State of California, within the County of Los Angeles.

This Court is located within the jurisdiction of the State of California and within the County of Los Angeles. Accordingly, because Plaintiff's lawsuit includes a claim for relief to which this provision may apply and was filed in this Court, Plaintiff selected a proper forum and venue to resolve this matter. Further, as discussed in more detail in Section (b), *infra*, this Court certainly retains original jurisdiction over Plaintiff's Lanham Act claims and supplemental jurisdiction over the breach of contract claim.

Pho Fever argues that "the plain language of the Agreement" refutes any argument that the provision does not encompass Lanham Act claims. Dkt. 17, 6 ‖ 25-28. To that end, the plain language of the 2019 Settlement Agreement is also silent as to violations of intellectual property law and the material consequences of such misappropriation. Moreover, when read together with provision 14, which provides, in relevant part, "[t]he Los Angeles County Superior Court shall retain jurisdiction over this case ***for purposes of enforcing this agreement***," it is clear the parties only intended for breach of contract claims to be litigated in the Los Angeles County Superior Court.

Additionally, movant was not a party to the 2019 Settlement Agreement which provides the asserted forum-selection clause. The aforementioned "disputes alleged in the Complaint" comprise (1) trademark infringement under 15 U.S.C. § 1125(a) against all Defendants; (2) federal unfair competition under 15 U.S.C. § 1125(a) against all Defendants; and (3) breach of contract against Tran Defendants. *See* Dkt. 1. Indeed, Plaintiff's breach of contract claim was specifically not brought against Pho Fever and was limited to only the Tran Defendants because the only parties subject to the 2019 Settlement Agreement included Plaintiff, Patrick Tran, and Daisy Tran. Pho Fever was not a party to this agreement nor was Pho Fever even in existence at the time of that dispute. *See* Dkt. 1, ¶¶ 3, 24; Dkt. 17, 5 ‖ 13-15 ("Mr. Tran formed Pho Fever Bistro Corp., filing articles of incorporation with the California Secretary of State about August 2, 2019.") Accordingly, Pho Fever cannot

claim that it has any rights or expectations under the 2019 Settlement Agreement.

Furthermore, the 2019 Settlement Agreement did not and could not have contemplated Defendants' present infringement and therefore, does not apply to Plaintiff's federal trademark infringement and unfair competition claims. The dispute which gave rise to the 2019 Settlement Agreement did not relate to trademark infringement but rather, a business deal gone wrong. *See* Dkt. 1, ¶ 23. Specifically, the lawsuit filed by Patrick Tran included causes of action for (1) partial cancellation of deed and reformation of deed; (2) rescission and restitution; (3) fraud; (4) breach of oral contract; and (5) accounting. None of the complained-of acts by Plaintiff and its owners centered around its Senior Mark. To that end, Plaintiff had neither applied for nor possessed registration of the Senior Mark at the time of that dispute and the resulting 2019 Settlement Agreement. *See* Dkt. 1, ¶¶ 1, 19, Ex. A. Defendants' use of the Infringing Marks also began after the 2019 Settlement Agreement was executed. *See* Dkt. 1, ¶ 24. Thus, the 2019 Settlement Agreement cannot be interpreted to cover Plaintiff's intellectual property rights nor Defendants' infringement thereof.

Finally, the case law cited by Pho Fever aptly supports Plaintiff's position that the forum-selection clause is inapplicable to the present litigation.  In *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018), the Court interpreted a forum-selection clause to determine whether it applies to the plaintiff's claims for relief. *Sun*, 901 F.3d at 1086. In so doing, the Court upheld previous interpretations of such clauses in pointing out that a forum-selection clause covering disputes "arising out of" a particular agreement applies only to disputes "relating to the interpretation and performance of the contract itself." *Id.* (*quoting Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 922 (9th Cir. 2011)). On the other hand, broader clauses "covering disputes 'relating to' a particular agreement apply to any disputes that reference the agreement or have some 'logical or causal connection' to the agreement." *See id.* The asserted provision 21 of the 2019 Settlement Agreement

9

provides that "any and all disputes that concern or ***arise out of*** this Agreement." Defendants' infringement is blatantly unlawful without requiring interpretation of the 2019 Settlement Agreement. As such, the present dispute is distinguishable from *Sun v. Advanced China Healthcare, Inc.* because provision 21 of the 2019 Settlement Agreement incorporates only those disputes that "arise out of" the agreement. Thus, Plaintiff's Lanham Act claims against all Defendants stand apart from the Tran Defendants' breach of contract.

Because the forum-selection clause of the 2019 Settlement Agreement cannot support Pho Fever's motion to dismiss, the motion should be denied.

**B.    Plaintiff's Lanham Act Claims are Proper Because the Senior Mark is Federally Registered and Trademark Infringement is a Federal Cause of Action**

Pho Fever further contends that "[n]either Plaintiff nor movant is engaged in interstate commerce" and as a result, Plaintiff's claims for relief under the Lanham Act necessarily fail. Dkt. 17, 8 ‖ 18-28, 9 ‖ 1-9. In so arguing, Pho Fever asserts that "Plaintiff neither has, nor alleges it has, made use of the alleged marks 'in commerce' to qualify for Lanham Act protection." Dkt. 17, 9 ‖ 5-6. Pho Fever's arguments apparently misinterpret federal law and in particular, the meaning of "use in commerce" per the Lanham Act.

Congress has broad powers under the commerce clause of the United States Constitution, Art. 1, sec. 8, to regulate interstate commerce. In enacting the Lanham Act, Congress purposefully broadened the scope of trademark jurisdiction. *See Steele v. Bulova Watch Co.*, 344 U.S. 280, 287, 95 USPQ 391, 394, 97 L. Ed. 319, 73 S. Ct. 252 (1952) (expressly recognizing "the broadened commerce provisions of the Lanham Act"); *see also In re Silenus Wines, Inc.*, 557 F.2d 806, 194 USPQ 261 (CCPA 1977). In order to register a trademark at the federal level, the Lanham Act requires that the mark be used "in commerce." 15 U.S.C. § 1051. While former trademark acts expressly limited federal trademark jurisdiction to interstate and

foreign commerce and commerce with Indians, the Lanham Act provides that "all commerce which may lawfully be regulated by Congress" falls within its scope. 15 U.S.C. § 1127. When Plaintiff filed its trademark application for the Senior Mark, Plaintiff submitted a verified statement to this effect. *See* Trademark Manual of Examining Procedure ("TMEP") § 901.03.

Moreover, intrastate use of a mark may qualify as use in commerce within the meaning of the Act if the intrastate use is of a type that would, taken in the aggregate, have a direct effect on interstate commerce. *Christian Faith Fellowship Church v. Adidas AG*, 841 F.3d 986, 993, 120 USPQ 2d 1640, 1645 (Fed. Cir. 2016); *Taylor v. United States*, 136 S. Ct. 2074, 2077, 195 L. 3d. 2d 456, 461 (2016). It has long been accepted that a single-location restaurant with **at least some** out-of-state customers is providing restaurant services "in commerce" sufficient to support federal registration. *Larry Harmon Pictures Corp. v. William Rest. Corp.*, 929 F.2d 662, 18 USPQ 2d 1292 (Fed. Cir. 1991). While no discovery has yet been conducted in this matter, Plaintiff is certain it can demonstrate that its restaurants have been visited by numerous out-of-state customers. Indeed, a cursory review of Plaintiff's Yelp® page reveals multiple reviews from out-of-state customers, including individuals from Florida, Virginia, and Texas. Relevant to this motion, in the Complaint, Plaintiff sufficiently pleads ownership of a federally registered mark and as such, "use in commerce" per the Lanham Act is presumed. Dkt. 1, ¶¶ 1, 19, 38.

Pho Fever has failed to establish that the Lanham Act is inapplicable and therefore, that Plaintiff's Lanham Act claims lack merit. For this additional reason, Pho Fever's motion to dismiss should be denied.

## C.   Plaintiff Has Plausibly Plead a Likelihood of Confusion of the Infringing Marks With the Senior Mark

Lastly, Pho Fever argues that the "undisputed facts" demonstrate no likelihood of confusion between the Infringing Marks and the Senior Mark. Dkt. 17, 9 ‖ 10-28, 10 ‖ 1-9. The purported "undisputed facts" include, almost exclusively,

matters outside the pleadings, namely, a declaration from Patrick Tran and images of what Pho Fever purports to be the respective menus of Plaintiff and Pho Fever. *See* Dkt. 17, Ex. 3-4. Such extrinsic evidence cannot be said to contain "undisputed facts" as the parties continue to dispute most of the material facts in this matter. Notably, the fact that Pho Fever was required to rely so significantly on matters extrinsic to the pleadings demonstrates the premature nature of this motion. In particular, while Plaintiff contends likelihood of confusion is plausible from the face of the complaint (Dkt. 1), further factual discovery is required to make such a determination.

It has long been established that likelihood of confusion is a question of fact not law. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1264 (9th Cir. 2001); *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1356 (9th Cir. 1985); *See Stop Staring! Designs v. Tatyana, LLC,* 2009 U.S. Dist. LEXIS 134334, 2009 WL 10655208, at *2 (C.D. Cal. June 9, 2009) (explaining that the issue of likelihood of confusion is a question of fact "not generally amenable to a motion to dismiss."); *see also Mercado Latino, Inc. v. Indio Prods.*, 2017 U.S. Dist. LEXIS 55304, *10, 122 USPQ2d 1590, 1595, 2017 WL 1356315 (C.D. Cal. April 11, 2017) (*quoting Clicks Billiards*, 251 F.3d at 1264-65 (noting likelihood of confusion is "a question of fact routinely submitted for jury determination.") Here, the only facts that can indisputably be accepted as true are those contained in Plaintiff's complaint (Dkt. 1). *See Pareto v. F.D.I.C.*, 139 F.3d at 699. Even if the Court accepts the extrinsic evidence submitted by Pho Fever concurrently with its motion, such evidence is insufficient to render the factual determination that no likelihood of confusion exists. Despite the relatively greater amount of evidence discovered by the summary judgment phrase, trial courts even disfavor deciding trademark cases upon motion for summary judgment because the ultimate issue of likelihood of confusion is inherently factual. *Levi Strauss,* 778 F.2d at 1355.

Plaintiff has satisfied the pleading standards of *Iqbal* and *Twombly* with regard

to its federal trademark infringement and unfair competition claims. Pho Fever's motion to dismiss makes no mention of the *Sleekcraft* factors before summarily concluding Plaintiff failed to plead a likelihood of confusion. By contrast, Plaintiff's complaint plausibly sets forth a likelihood of confusion between Defendants' Infringing Marks and the Senior Mark in view of the *Sleekcraft* factors. In this case, the following factors are most relevant: (1) similarity of the marks; (2) proximity of the goods or services; (3) marketing channels used; and (4) Defendants' intent in selecting the Infringing Marks. *See Metro Pub., Ltd. v. San Jose Mercury News,* 987 F.2d 637, 640 (9th Cir. 1993); *Brookfield Communications v. West Coast Entertainment,* 174 F.3d 1036, 1054 (9th Cir. 1999).

Primarily, as Pho Fever accurately points out, the only difference between the Infringing Marks and the Senior Mark is a single letter. Dkt. 17, 9 ‖ 19-20. The relevant portion of the Infringing Marks is "PHO FEVER" while the Senior Mark reads "PHO EVER." Dkt. 1, ¶¶ 1, 3, 19, 24. As such, there can be little doubt the respective marks are nearly identical. In addition, as Pho Fever also agrees, Plaintiff and Defendants both operate Vietnamese restaurants that serve pho. Dkt. 1, ¶¶ 18, 24; Dkt. 17, 3 ‖ 9-10, 13-14, 19-21. Plaintiff and Defendants also both operate in the Los Angeles area. Dkt. 1, ¶¶ 6, 7, 18; Dkt. 17, 3 ‖ 9-10, 19-21, 23-24. Finally, Defendants' ill intent is evidenced by the previous association and resulting dispute of Plaintiff and Tran Defendants and the fact that Defendants added one letter to their name in a poor attempt to avoid infringement. For these and other reasons, the *Sleekcraft* factors clearly favor a finding of likelihood of confusion.

While there remains a need for further factual discovery, Plaintiff's complaint (Dkt. 1) clearly states a claim for relief for federal trademark infringement and unfair competition that is plausible on its face.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's Complaint adequately states a claim against Defendants for which relief can, and should, be granted. Accordingly,

Defendant Pho Fever's Fed. R. Civ. P. 12(b)(6) motion to dismiss should be denied. In the event the Court does not believe Plaintiff plausibly averred its claims, Plaintiff respectfully requests leave to amend its complaint.

RESPECTFULLY SUBMITTED this 1st day of March, 2021.

**OMNI LEGAL GROUP**

/Omid E. Khalifeh/
Omid E. Khalifeh
Ariana Santoro
Lara A. Petersen
Attorneys for Plaintiff,
Phan Tuy Anh LLC

14

## CERTIFICATE OF SERVICE

I am over eighteen (18) years of age, employed in the County of Los Angeles, and not a party to this action. My business address is 2029 Century Park E, Suite 400, Los Angeles, CA 90067. I hereby certify that on the date listed below, I served the following documents:

**PLAINTIFF'S OPPOSITION TO PHO FEVER BISTRO'S MOTION TO DISMISS**

by delivering the document to:

Michael Sohigian
Law Office of Michael R. Sohigian
9420 Wilshire Blvd, Second Floor
Beverly Hills, CA 90212
msohigian@mrslaw.net

[ ]    BY MAIL: by placing the document listed above in a sealed envelope and depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.

[X]    BY ELECTRONIC MAIL: by transmitting via electronic mail the document listed above to the address listed above on this date pursuant to Fed. R. Civ. P. 5(b)(2)(e) and L.R. 5-3.2.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on March 1, 2021 at Los Angeles, California.

/Omid E. Khalifeh/
Omid E. Khalifeh

i